McCue, J.
We cannot concur in the views expressed by the counsel for the relator as to the act of 1880, chapter 377. This act does not offend the constitutional provision that “ no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title,” nor the further provision that “no act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act.” The act of 1880 is entitled, “ In relation to the government of the city of Brooklyn.” There can be no mistake as to the legislative intent. The object was to make provision for the better government of the city. Whether the legislature proposed by this act to cover the-whole field of municipal government is not important so long as the government of the city was in the view and consideration of the legislature, and its attention was called clearly and distinctly to the subject-matter of the bill.
Nor has the other objection any more force. The point made is, that it attempts to bring in other existing laws without inserting them in such acts, as the constitution directs. Section 2 of the act of 1880 provides for the reconstruction of one of the municipal departments, viz., the Fire Department, by placing it under one person as'its head. This is clearly within the subject matter, to wit, the government of the city; and section 7 of the same act expressly gives to the head of the department the power to remove all subordinates, “with the exception that no person on the police force, or on the force for extinguishing fires, shall be removed without cause; nor until he has been tried and found guilty of some act or omission recognized in this section as a ground for removal.” So .that the act of 1880 contains within itself, and without *412 reference to the charter or other existing acts of municipal legislation, a complete and lawful tribunal for the trial of all members who offend against the rules and discipline o£ the fire department.
Having thus disposed of the question as to the power and authority of the defendant to try and determine the charges upon which the relator has been dismissed from the department, the only question which remains is whether the relator has been properly tried and convicted. The relator liad a public trial on the charge of incompetency with a specification, that by excessive use of spirituous liquors he had rendered himself incompetent to properly and safely perform his duties as a fireman. He was defended by counsel; witnesses were produced on his behalf ; and as a result he was found “guilty of the charge preferred against him.’’ Against this conviction it is claimed, first, that the relator should have been found incompetent “ for the reason stated in the specificationor, in other words that' he should have been foufid guilty not only of the charges of in competency but also of the specification as well, and in the precise terms above stated ; the contention being that if the relator were found to be incompetent from causes beyond his own control, he would be entitled to a pension under chapter 461 of the Laws of 1883.
If there were any reasonable doubt as to the facts there would be some force in the point raised. He, the relator, had the opportunity of raising this point on the trial, and we think the defendant was entirely justified upon the evidence in determining that the inability of the relator to discharge his duties as fireman was because of his voluntary and excessive use of spirituous liquors ; such conduct was clearly “misi conduct or neglect of duty,” as used in section 7 of the act of 1880.
The relator did not appear on the trial, as he was *413 at the time in a lunatic asylum, but his case was presented by counsel. It is claimed that the trial was illegally proceeded with for that reason, ‘ ‘ and that no judgment could be rendered until a committee of his person had been appointed by proper authority; until he is in a position to testify in his own behalf.” We are of opinion that this presented no legal objection. It may have operated with the commissioner to the extent of giving the relator all the time which, was asked for by counsel to prepare for trial, and it appears the proceedings were adjourned and continued during several weeks; but there was no- obligation resting on the defendant to initiate such proceedings, and until the relator had been judicially declared a lunatic he was properly proceeded against (Code Civ. Pro. §426).
The proceedings are therefore confirmed, with costs.
Reynolds and Clement, JJ., concurred.